UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WELLS FARGO WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION (NO. III)      MDL No. 2266


**TRANSFER ORDER**


    **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, affiliated Wells Fargo defendants[1] move to centralize this litigation in the Southern District of Texas. This litigation consists of four actions pending in three districts, as listed on Schedule A. Plaintiffs in the two Southern District of Texas actions do not oppose the motion. Plaintiffs in the District of New Jersey and the Western District of Washington oppose centralization.

    On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions assert similar claims against Wells Fargo or Wachovia under the Fair Labor Standards Act and/or state labor law on behalf of groups of current and former employees who worked as home mortgage consultants, loan originators, loan consultants, or similar positions (HMCs). Plaintiffs seek overtime compensation and other relief for these employees. Centralization under Section 1407 is warranted in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

    As the Panel explained in *In re CVS Caremark Corp. Wage and Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010), certain circumstances make centralization less convincing, including (1) when the duties of the subject employees appear to be subject to significant local variances, (2) the defendants and/or some of the plaintiffs oppose centralization, and (3) only a few or procedurally dissimilar actions are involved. Opposing plaintiffs argue that only four actions are currently before the Panel and factual questions unique to the District of New Jersey and Western District of Washington actions will predominate over any factual questions they may share with the two Southern District of Texas actions. Plaintiffs further argue that centralization in the Southern District of Texas is not convenient for them.

---

[*]   Judges Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

[1]   Wells Fargo Bank, N.A. (Wells Fargo), Wells Fargo & Co., Wachovia Corp. (Wachovia), Wachovia Mortgage Corp., and World Mortgage Co.

- 2 -

Plaintiffs' arguments are well-taken and the question of centralization is a close call in this docket. The claims in the four actions now before the Panel, however, are strikingly similar to claims in actions which were before the Panel in 2006 involving allegations by Wells Fargo HMCs that defendants failed to pay overtime under the FLSA and state wage and hour laws. *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 435 F. Supp. 2d 1338 (J.P.M.L. 2006) (MDL No. 1770). The Panel centralized MDL No. 1770 in the Central District of California finding that these actions shared one or more factual questions such that centralization was appropriate. As in MDL No. 1770, these common factual issues relating to Wells Fargo's classification and compensation policies for HMCs are at the core of the four cases now before the Panel. Discovery among these actions regarding defendants' corporate policies therefore will overlap. *In re Foot Locker, Inc., Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 2011 WL 2118980 (J.P.M.L. May 26, 2011). Much of this discovery will be relevant whether plaintiffs' claims are brought under the FLSA or the New Jersey or Washington state wage and hour statutes.

We are aware that centralization is often less than convenient for some parties. Here, however, we find that any inconvenience is outweighed by the benefits of Section 1407 proceedings. Centralization places all actions and any later-filed related actions before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings are conducted in a manner leading to the just and expeditious resolution of these actions to the overall benefit of the parties. *In re AT&T Mobility Wireless Data Services Sales Tax Litig.*, 710 F. Supp. 2d 1378 (J.P.M.L. 2010). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. If the transferee judge deems Section 1407 remand of any claims or actions appropriate, this can be accomplished with minimal delay. *See* Panel Rule 10.1(b) (2011).

We select the Southern District of Texas, where two of the four actions are pending and discovery has been initiated, as transferee district. This district is geographically centrally located and accessible for parties and witnesses located throughout the United States. We entrust this litigation to Judge Gray H. Miller, an experienced judge who can devote the attention required to expeditiously manage this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Texas are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Gray H. Miller, for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        Barbara S. Jones

IN RE: WELLS FARGO WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION (NO. III)　　　　　　　　MDL No. 2266

## SCHEDULE A

<u>District of New Jersey</u>

Manuel Gonzalez, et al. v. Wells Fargo Home Mortgage, Inc., et al., C.A. No. 1:11-02142

<u>Southern District of Texas</u>

Raymond Richardson, et al. v. Wells Fargo Bank, N.A., C.A. No. 4:10-04949
James Chaplin, et al. v. Wachovia Mortgage Corp., et al., C.A. No. 4:11-00638

<u>Western District of Washington</u>

Brent K. Chan, et al. v. Wells Fargo Home Mortgage, Inc., C.A. No. 2:11-00871